Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| OPC SPV I, LLC<br><br>Peticionario-Demandante<br><br>v.<br><br>SANDRA MARÍA DE FÁTIMA SEDA BARLETTA<br><br>Recurrida-Demandada | KLCE202500562 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso núm.: SJ2024CV03823 (903)<br><br>Sobre: Enriquecimiento Injusto |

Panel integrado por su presidenta la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

**Rivera Torres, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 25 de junio de 2025.

Comparece ante este tribunal apelativo, el Sr. Mathew Slater (señor Slater o el peticionario) mediante el recurso de *certiorari* de epígrafe solicitándonos que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI), el 7 de abril de 2025, notificada el mismo día. Mediante este dictamen, el foro primario declaró *Sin Lugar* a la *Moción sobre la descalificación de la representación legal de la parte demandante* presentada por el peticionario en contra de la representación legal de la Sra. Sandra María de Fátima Seda Barletta (señora Seda Barletta o la recurrida), la Lcda. Nilda M. Seda Cuevas (licenciada Seda Cuevas).

Por los fundamentos que expondremos a continuación, acordamos denegar la expedición del auto de *certiorari*.

### I.

El 26 de abril de 2024, OPC SVP I, LLC (OPC) y su único miembro, el señor Slater, presentaron una *Demanda* sobre daños y

consignación en contra de la señora Seda Barletta.[1] En síntesis, el peticionario alegó que le compró a la recurrida una propiedad por $1,300,000, sita en la calle Tapia #8 en Ocean Park del municipio de San Juan. Indicó que, al momento del cierre de la compraventa, realizó un pago por $800,000, más entregó un pagaré hipotecario por $500,000 con fecha de vencimiento de 28 de febrero de 2024. Agregó que, desde 13 de noviembre de 2023, el Lcdo. José Ríos Díaz (licenciado Ríos Díaz), inició gestiones con la señora Seda Barletta para que esta endosara el pagaré y recibiera el saldo del mismo; y de esta forma, culminar el cierre hipotecario. No obstante, arguyó que ello no ha sido posible porque esta se niega a recibir el pago; por lo que presentó la acción para consignar el monto de la deuda y de una vez, se lleve a cabo el cierre del negocio. Asimismo, indicó que peticionaba los daños causados por la negativa de la señora Seda Barletta de recibir el pago y que reclamaba la cancelación de la obligación.

Luego de varios trámites procesales, el 12 de junio de 2024, la recurrida contestó la demanda más incluyó una reconvención.[2] En esta, arguyó que el señor Slater había incumplido la obligación pactada al dejar de pagar varias mensualidades para amortizar la deuda; así como la factura del agua a nombre de ella. Asimismo, responsabilizó al licenciado Ríos Díaz, notario y representante legal del señor Slater, por el incumplimiento con lo establecido en la escritura de hipoteca y su pagaré.[3] Además, señaló que el licenciado Ríos Díaz incumplió con el deber ético de total imparcialidad ante partes que otorgan una escritura ante sí, puesto que las partes estaban en controversia y él representaba una de estas. Específicó,

---

[1] Véase, el Apéndice del Recurso, a las págs. 4-10.
[2] *Íd.*, a las págs. 34-49.
[3] El 30 de agosto de 2024, la señora Seda Barletta presentó una *Demanda Contra Tercero* en contra del Lcdo. José E. Ríos Díaz. Véase, el Apéndice del Recurso, a las págs. 85-90. Véase, también, la entrada Núm. 44, del expediente del caso SJU2024CV03823 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

además, que el señor Slater y el licenciado Ríos Díaz son los que no han estado disponibles para cancelar el pagaré, ya que la recurrida ofreció nuevas fechas para ello. Por lo que solicitó, entre otros remedios, que el TPI ordenara al peticionario el cumplimiento específico de lo estipulado en el préstamo hipotecario y la compensación de las costas, honorarios de abogado, más intereses legales y gastos del pleito.

En lo que respecta a la controversia ante nuestra consideración, el 22 de marzo de 2025, el peticionario incoó una *Moción sobre la Descalificación de la Representación Legal de la Parte Demandante*.[4] En síntesis, alegó lo siguiente:

> [...] 6. Respetuosamente entendemos que la Lcda. Seda tiene un conflicto de interés con la representación legal de la demandada en este caso por dos razones de peso.
>
> a. Por información y creencia entendemos que la Lcda. Seda es sobrina de la demandada. Por información y creencia entendemos que la demandada ya ha perdido a sus padres [*sic*] y no tiene descendientes, por lo que su sobrina está en la línea Sucesoral de la demandada, en cuyo caso tiene un interés económico en el resultado de este caso. En caso de ser correcta esta información, los intereses de la abogada podrían estar en conflicto con los intereses de su cliente impidiendo que esta pueda identificar un acuerdo que le conviene a su cliente.
>
> b. Esta parte anunció una deposición a la Lcda. Nilda Seda para el 9 de mayo de 2025 a las 9:00 am y eventualmente podría llamarla como testigo teniendo que testificar sobre hechos esenciales del caso. La abogada se encontrará en un predicamento entre defender los intereses de su cliente o defender sus actuaciones en la negociación previa el caso y el respeto por la verdad. Este conflicto en sí mismo le impide actuar como abogada de la demandada. [...]

La señora Seda Barletta replicó a dicho petitorio indicando que el peticionario recurrió a falsedades y mentiras en contra del proceso judicial.[5] En respuesta a las razones vertidas para la descalificación de la licenciada Seda Cuevas, especificó que esta no es su sobrina y que el señor Slater tiene el deber ético de informar la alegada fuente de información de la cual obtuvo las aseveraciones

---

[4] Véase, el Apéndice del Recurso, a las págs. 155-159.
[5] *Íd.*, a las págs. 162-168.

falsas y fraudulentas con el único propósito de manchar la imagen profesional de su representante legal. De igual manera, argumentó que su abogada nunca ha sido parte de los hechos del pleito y que la contrató para atender todos los asuntos del caso antes y después de incoada la demanda en su contra.

El 7 de abril de 2025, el foro de primera instancia emitió y notificó la *Resolución* recurrida.[6] Mediante esta, el foro *a quo* declaró *sin lugar* a la moción presentada por el peticionario. Respecto a la alegación de parentesco, el foro primario razonó que es improcedente debido a que el peticionario admitió que no le consta de propio y personal conocimiento, y la licenciada Seda Cuevas "categóricamente afirma que no es sobrina de la demandada."

De igual manera, el foro recurrido dictaminó que resulta prematuro el planteamiento de descalificar a la licenciada Seda Cuevas por motivo de la deposición a la cual se le tomará y que "eventualmente podría ser llamada como testigo". Así, el foro *a quo* entendió que, al no haberse tomado la deposición, se desconoce el resultado de ello; y advirtió que, cualquier gestión realizada por la representante legal, está protegida por la relación abogado-cliente.

Inconforme con el dictamen, el 22 de abril de 2025, el peticionario presentó una *Solicitud de Reconsideración*.[7] Al día siguiente, el TPI la declaró *No Ha Lugar*.[8]

Todavía insatisfecho, el peticionario acude ante esta *Curia* imputándole al TPI haber incurrido en los siguientes errores:

> ERRÓ EL TPI AL DENEGAR LA DESCALIFICACI[Ó]N DE UNA ABOGADA QUE VA A HACER DEPUESTA POR TENER CONOCIMIENTO PERSONAL DE HECHOS MATERIALES DEL CASO.
>
> ERR[Ó] EL TPI AL ESTABLECER QUE CUALQUIER GESTI[Ó]N QUE HAYA HECHO LA ABOGADA, COMO PARTE DE LA RELACI[Ó]N – CLIENTE [*sic*] CON LA DEMANDADA EST[Á] PROTEGIDA.

---

[6] *Íd.*, a las págs. 1-3.
[7] *Íd.*, a las págs. 169-173.
[8] *Íd.*, a la pág. 174.

El 29 de mayo de 2025, emitimos una Resolución concediéndole a la parte recurrida el término de diez (10) días para expresarse. El 11 de junio de 2025, se cumplió lo ordenado por lo que nos damos por cumplidos, y a su vez, decretamos perfeccionado el recurso.

Analizados los escritos de las partes y el expediente apelativo; así como estudiado el derecho aplicable, procedemos a resolver.

**II.**

El recurso de *certiorari* es el vehículo procesal discrecional disponible para que un tribunal apelativo revise las resoluciones y órdenes interlocutorias de un tribunal de inferior jerarquía. Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1; *García v. Padró,* 165 DPR 324, 334 (2005). Todo recurso de *certiorari* presentado ante este foro apelativo deberá ser examinado primeramente al palio de la Regla 52.1 de las de Procedimiento Civil, *supra.* Dicha regla limita la autoridad y el alcance de la facultad revisora de este foro apelativo sobre órdenes y resoluciones dictadas por el foro de primera instancia, revisables mediante el recurso de *certiorari.*

Por tanto, el asunto que se nos plantee en el recurso de *certiorari* deberá tener cabida bajo alguna de las materias reconocidas en la Regla 52.1 de las de Procedimiento Civil, *supra.* Ello, debido a que el mandato de la mencionada regla dispone expresamente que solamente será expedido el auto de *certiorari* para la revisión de remedios provisionales, interdictos, denegatoria de una moción de carácter dispositivo, admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia y en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Cónsono con lo anterior, y a modo de excepción, y aplicable al caso de autos, el Tribunal Supremo de Puerto Rico incluyó la revisión de resoluciones interlocutorias relacionadas con la descalificación de abogados como materia revisable bajo la precitada Regla 52.1. Así, pues, nuestro más alto foro sentenció que, en estos casos, "esperar a una apelación constituiría un fracaso irremediable a la justicia". *Job Connection Center v. Sups. Econo*, 185 DPR 585, 601 (2012).

También, para determinar si debemos expedir un auto de *certiorari* debemos determinar primeramente si el asunto que se trae ante nuestra consideración versa sobre alguna de las materias especificadas en la Regla 52.1 de las de Procedimiento Civil, *supra*. Sin embargo, aun cuando el asunto esté contemplado por dicha regla para determinar si procede la expedición de un recurso, debemos acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, que lee como sigue:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*:
> A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los criterios antes transcritos nos sirven de guía para, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97

(2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso que se nos presenta, no procede nuestra intervención. Así, pues, es norma reiterada que este foro intermedio no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, "salvo que se demuestre que hubo un craso abuso de discreción, prejuicio, error manifiesto o parcialidad." *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

### III.

En esencia, el señor Slater imputó al TPI haber errado al no descalificar a la licenciada Seda Cuevas, quien será objeto de una deposición por tener conocimiento personal de hechos materiales del caso y al establecer que cualquier gestión que esta haya realizado, como parte de la relación abogada-cliente, está protegida. Adelantamos que, en vista de las circunstancias particulares de este caso, procede denegar este recurso. Nos explicamos.

De entrada, advertimos que el Tribunal Supremo decretó que que las determinaciones interlocutorias, relacionadas con la descalificación de abogados, son revisables ante este foro apelativo. No obstante, analizado el auto que nos ocupa; así como los documentos antes reseñados, concluimos que no se encuentran presente ninguno de los criterios de la Regla 40 de nuestro Reglamento, *supra.*

De la lectura del recurso, el señor Slater no nos persuadió de que el TPI abusó su discreción al denegar su petitorio de descalificar, en esta etapa de los procedimientos, a la representante legal de la señora Seda Barletta. Asimismo, advertimos que la *Resolución* impugnada no amerita nuestra revisión inmediata para "evitar un fracaso de la justicia".

Esto, máxime cuando, como bien especificó el TPI en el dictamen recurrido, el planteamiento de descalificación de la licenciada Seda Cuevas, por razón de que "eventualmente" podría ser llamada como testigo, por tener conocimiento de hechos materiales del caso, resulta ser uno prematuro, ya que todavía no ha sido depuesta y se desconoce el resultado de lo que declararía. Tampoco podemos obviar el alcance de la aplicación del privilegio abogado-cliente, según razonó el TPI.

**IV.**

Por los fundamentos antes expuestos, denegamos la expedición del auto de *certiorari* solicitado.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones